JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Aimee Ward and Ray Ward

### DEFENDANTS

Uber Technologies, Inc., Portier, LLC

**(b)** County of Residence of First Listed Plaintiff   Chester County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   San Francisco County, C
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Erin Pine, Esq., Ostroff Godshall, 518 E. Township Line Road, Suite 100, Blue Bell, PA 19422
610-279-7000

Attorneys *(If Known)*
David A. Shafie, Esq. Wilson Elser Moskowitz Edelman & Dicker, LLP, Two Commerce Square, 2001 Market Street, Suite 3100. Philadelphia. PA 19103

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332, 28 U.S.C. 1441

Brief description of cause:
Motor vehicle collision between Plaintiffs in state and out of state Defendants, seeking in excess of $75,000.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
Jul 21, 2026

SIGNATURE OF ATTORNEY OF RECORD
David A. Shafie, Esq., PA 88367

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| AIMEE WARD AND RAY WARD, | : |
| | : |
| | : |
| PLAINTIFFS, | : |
| | : |
| | : |
| v. | : |
| | : |
| | : |
| UBER TECHNOLOGIES, INC., PORTIER, LLC, | : |
| ET AL., | : |
| | : |
| | : |
| DEFENDANTS. | : |
| | :: |

## NOTICE OF REMOVAL

TO THE HONORABLE CHIEF JUSTICE AND JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA.

Uber Technologies, Inc. and Portier, LLC (hereafter "Removing Defendant"), defendants in the matter of *Aimee Ward, et al. v. Uber Technologies, Inc., et al.,* hereby file this Notice of Removal for the removal of this action from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. There is complete diversity, the amount in controversy exceeds seventy-five thousand dollars, exclusive of interest and costs and this notice has been timely filed. In support thereof, Removing Defendant avers as follows:

340518983v.1

1.     Plaintiffs commenced the above-captioned action by the filing of a Complaint in the Court of Common Pleas of Philadelphia County on June 23, 2026. A copy of plaintiff's Complaint is attached as Exhibit A.

2.     Removing Defendant received the Complaint on June 29, 2026.

3.     As averred in the Complaint, Plaintiff Aimee Ward, is a citizen of the Commonwealth of Pennsylvania and resides at 146 Longford Road, West Chester, Chester County, Pennsylvania 19380. See Exhibit A.

4.     Defendant, Uber Technologies, Inc., is neither incorporated nor maintains its principal place of business in the Commonwealth of Pennsylvania.

5.     Uber Technologies, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in California.

6.     Defendant, Portier, LLC, is neither incorporated nor maintains its principal place of business in the Commonwealth of Pennsylvania.

7.     Portier, LLC is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in California and has no members that are the in the Commonwealth of Pennsylvania.

8.     The Complaint avers that Defendant, Derick Ross, has an address of 404 Willows Lane, Aldan, PA 19018.

9.     At the time of this filing an Affidavit of Service has not been filed reflecting that defendant Ross has been served with the Complaint.

10.     As such, at the time of the filing of Plaintiff's Complaint and at the time of this Removal, there is diversity of citizenship amongst the served parties pursuant to 28 U.S.C. § 1332(a)(1).

11.     This Court has jurisdiction of the above-captioned matter pursuant to 28 U.S.C. §1332, and this action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441(b) and is in conformity with 28 U.S.C. § 1441(b)(2) as Defendant Ross, upon information and belief, has not been served with the Complaint.

12.     In her Complaint, Plaintiff alleges that on "January 13, 2025, at approximately 5:59 p.m., Plaintiff was operating a 2020 Mazda CX5...traveling southbound on West Dekalb Pike/ U.S. Route 202 near 590 West Dekalb Pike in Upper Merion Township, Montgomery County, Pennsylvania." See Exhibit A, ¶ 9

13.     Plaintiff further alleges "suddenly and without warning, Defendant Driver [Ross] failed to slow or stop Defendant's Vehicle and drove into the rear of Plaintiff's Vehicle, causing a crash...between Defendant's Vehicle and Plaintiff's Vehicle ." See Exhibit A, ¶ 11.

14.     It is claimed that Removing Defendants should be held liable because Defendant Ross was logged into and/or performing services through the Uber and/or uber Eats platforms. Removing Defendants state that Defendant Derrick Ross is not, and was not at any time relevant to this litigation, its agent, workman, servant or employee.

15.     Plaintiff alleges as a result, she suffered "serious and debilitating injuries", "pain, emotional and mental distress, humiliation, embarrassment, and/or loss of pleasures and enjoyment of life, and one or more serious impairments of bodily functions. See Exhibit A, ¶¶ 19, 21.

16.     Plaintiff also alleges that as a result of the incident alleged, and her allege injuries, she "has undergone and may in the future undergo various reasonable and necessary medical treatments", "may in the future be hindered and/or prevented from attending to and/or fully performing her usual and customary duties, hobbies and/or avocations" and "has been and/or in

340518983v.1

the future may be prevented from being gainfully employed, resulting in a loss of earnings and/or an impairment of her earning capacity". See Exhibit A, ¶¶ 22, 24, 25.

17.    Based on plaintiff's claims, the amount in controversy in this matter exceeds Seventy-Five Thousand Dollars ($75,000.00), and therefore satisfies the threshold for federal diversity jurisdiction.  28 U.S.C. § 1332(a) and § 1441(a).

18.    Written notice of the filing of this Notice will be served on the adverse party as required by 28 U.S.C. §1446(d).

19.    A copy of this Notice will be filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, as provided by 28 U.S.C. §1446(d).

20.    Pursuant to 28 U.S.C. §1446(a), all process, pleadings, and orders are attached as Exhibit A (Plaintiff's Complaint).

WHEREFORE, Uber Technologies, Inc. and Portier, LLC, pray that they may affect the removal of this action from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER LLP**

By:    *s/ David A. Shafie*
David A. Shafie, Esquire
James M. Mathew, Esquire
Attorneys for Defendant,
Uber Technologies, Inc. and
Portier, LLC

340518983v.1



## Service of Process Transmittal Summary

**TO:**   Gabriela Lopez, Paralegal
Uber Technologies, Inc.
950 23RD ST
SAN FRANCISCO, CA 94107-3401

**RE:**   **Process Served in Pennsylvania**

**FOR:**   PORTIER, LLC  (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Re: AIMEE WARD and RAY WARD (sp/sp) // To: PORTIER, LLC |
| **DOCUMENT(S) SERVED:** | Civil Cover Sheet, Notice, Civil Action Complaint, Verification(s) |
| **COURT/AGENCY:** | Philadelphia County - Court of Common Pleas, PA<br>Case # 260602950 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - 01/13/2025 |
| **PROCESS SERVED ON:** | C T Corporation System, Harrisburg, PA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/29/2026 at 12:17 |
| **JURISDICTION SERVED:** | Pennsylvania |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after this complaint and notice are served (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Erin Pine<br>OSTROFF GODSHALL Injury and Accident Lawyers<br>518 E. Township Line Road, Suite 100<br>Blue Bell, PA 19422<br>610-279-7000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/29/2026, Expected Purge Date: 07/04/2026<br><br>Image SOP<br><br>Email Notification, Gabriela Lopez  intake@uber.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>600 N. 2nd Street, Suite 401<br>Harrisburg, PA 17101<br>8775647529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT



**CT Corporation**
**Service of Process Notification**
06/29/2026
CT Log Number 552623038

disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

# PROCESS SERVER DELIVERY DETAILS

**Date:**          Mon, Jun 29, 2026
**Server Name:**   Drop Service

| Entity Served | PORTIER, LLC |
|---|---|
| Case Number | 260602950 |
| Jurisdiction | PA |

| Inserts |
|---|
| | | |



Court of Common Pleas of Philadelphia County
Trial Division

## Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
|---|
| **JUNE 2026** |
| E-Filing Number: 2606052796 |

**02950**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| AIMEE WARD | DERRICK ROSS |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 146 LONGFORD ROAD<br>WEST CHESTER PA 19380 | 404 WILLOWS LANE<br>ALDAN PA 19018 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| RAY WARD | UBER TECHNOLOGIES, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 146 LONGFORD ROAD<br>WEST CHESTER PA 19380 | 600 NORTH SECOND STREET SUITE 401<br>HARRISBURG PA 17101 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  | PORTIER, LLC, ALIAS: UBER EATS |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  | 600 NORTH SECOND STREET SUITE 401<br>HARRISBURG PA 17101 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 3 | ☒ Complaint    ☐ Petition Action    ☐ Notice of Appeal<br>☐ Writ of Summons    ☒ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce    ☐ Settlement<br>☐ Minor Court Appeal    ☐ Minors<br>☐ Statutory Appeals    ☐ W/D/Survival |

CASE TYPE AND CODE

2V - MOTOR VEHICLE ACCIDENT

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES          NO |
|---|---|---|
| | **FILED<br>PRO PROTHY**<br><br>JUN 23 2026<br><br>**S. GILLIAM** | |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: AIMEE WARD , RAY WARD

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| ERIN E. PINE | 518 E. TOWNSHIP LINE ROAD<br>SUITE 100 |
| PHONE NUMBER      FAX NUMBER | BLUE BELL PA 19422 |
| (610)279-7000      none entered | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 333080 | epine@ostrofflaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *ERIN PINE* | Tuesday, June 23, 2026, 10:57 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**OSTROFF | GODSHALL** - Injury and Accident Lawyers
By: Erin Pine, Esq.
Attorney ID No. 333080
518 E. Township Line Road, Suite 100
Blue Bell, PA 19422
(610) 279-7000
epine@oglaw.com

Filed and Attested by the Office of Judicial Records 23 JUN 2026 10:47 am GILLIAM

Attorney for Plaintiffs



| | |
|---|---|
| AIMEE WARD and<br>RAY WARD (sp/sp)<br>146 Longford Road<br>West Chester, PA 19380 | : COURT OF COMMON PLEAS OF<br>: PHILADELPHIA COUNTY,<br>: PENNSYLVANIA<br>: |
|            Plaintiffs | : |
| v. | : TRIAL DIVISION - CIVIL<br>: |
| DERRICK ROSS<br>404 Willows Lane<br>Aldan, PA 19018 | :<br>: _____ Term, 2026<br>: No. _____ |
| and<br>UBER TECHNOLOGIES, INC.<br>c/o CT Corporation System<br>600 North Second Street, Suite 401<br>Harrisburg, PA 17101 | :<br>:<br>:<br>: JURY TRIAL DEMANDED<br>: |
| and<br>PORTIER, LLC, individually and d/b/a<br>UBER EATS<br>c/o CT Corporation System<br>600 North Second Street, Suite 401<br>Harrisburg, PA 17101 | :<br>:<br>:<br>:<br>:<br>: |
|            Defendants | : |

### NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Case ID: 260602950

Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333 TTY (215) 451-6197
AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.

Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

Case ID: 260602950

**OSTROFF | GODSHALL** - Injury and Accident Lawyers
By: Erin Pine, Esq.
Attorney ID No. 333080      Attorney for Plaintiffs
518 E. Township Line Road, Suite 100
Blue Bell, PA 19422
(610) 279-7000
epine@oglaw.com

| | |
|---|---|
| AIMEE WARD and | COURT OF COMMON PLEAS OF |
| RAY WARD (sp/sp) | PHILADELPHIA COUNTY, |
| 146 Longford Road | PENNSYLVANIA |
| West Chester, PA 19380 | |
|     Plaintiffs | |
| v. | TRIAL DIVISION - CIVIL |
| | |
| DERRICK ROSS | |
| 404 Willows Lane | _____ Term, 2026 |
| Aldan, PA 19018 | No. _____ |
| | |
| and | |
| UBER TECHNOLOGIES, INC. | |
| c/o CT Corporation System | |
| 600 North Second Street, Suite 401 | JURY TRIAL DEMANDED |
| Harrisburg, PA 17101 | |
| | |
| and | |
| PORTIER, LLC, individually and d/b/a | |
| UBER EATS | |
| c/o CT Corporation System | |
| 600 North Second Street, Suite 401 | |
| Harrisburg, PA 17101 | |
|     Defendants | |

## Civil Action Complaint

1. Plaintiff Aimee Ward (hereinafter referred to as "Plaintiff") is an adult individual who resides at the above referenced address.

2. Plaintiff Ray Ward (hereinafter referred to as "Plaintiff Spouse") is an adult individual who resides at the above referenced address.

Case ID: 260602950

3.     At all times relevant hereto, Plaintiff and Plaintiff Spouse were and remain lawfully married.

4.     Defendant Derrick Ross (hereinafter referred to as "Defendant Driver") is an adult individual who resides at the above referenced address in Delaware County, Pennsylvania.

5.     Defendant Uber Technologies, Inc. (hereinafter referred to as "Defendant Uber") is a Delaware corporation with a registered agent for service in Dauphin County, Pennsylvania.

6.     Defendant Uber regularly conducts business in Philadelphia County, Pennsylvania.

7.     Defendant Portier, LLC, individually and d/b/a Uber Eats (hereinafter referred to as "Defendant Uber Eats" and, collectively with Defendant Driver and Defendant Uber, as "Defendants") is a Delaware corporation with a registered agent for service in Dauphin County, Pennsylvania.

8.     Defendant Uber Eats regularly conducts business in Philadelphia County, Pennsylvania.

9.     On or about January 13, 2025 at approximately 5:59 p.m., Plaintiff was operating a 2020 Mazda CX5 (hereinafter referred to as "Plaintiff's Vehicle") traveling southbound on West Dekalb Pike / U.S. Route 202 near 590 West Dekalb Pike in Upper Merion Township, Montgomery County, Pennsylvania.

10.     At the aforesaid time and location, Defendant Driver was operating a 2017 Toyota Corolla (hereinafter referred to as "Defendant's Vehicle") traveling southbound on West Dekalb Pike / U.S. Route 202, directly behind Plaintiff's Vehicle.

11. At the aforesaid time and location, suddenly and without warning, Defendant Driver failed to slow or stop Defendant's Vehicle and drove into the rear of Plaintiff's Vehicle, causing a crash (hereinafter referred to as "the Crash") between Defendant's Vehicle and Plaintiff's Vehicle.

12. Defendant Driver failed to slow or stop Defendant's Vehicle for properly slowed and/or stopped traffic ahead, including Plaintiff's Vehicle.

13. Upon information and belief, at all times relevant hereto, Defendant Driver was the registered owner of Defendant's Vehicle.

14. At all times relevant hereto, Defendant Driver was logged into, active upon, authorized by, and/or performing services through the Uber and/or Uber Eats platforms of Defendant Uber and Defendant Uber Eats.

15. At all times relevant hereto, Defendant Driver was using Defendant Uber and/or Defendant Uber Eats' platforms in connection with delivery-related services, including but not limited to accepting, traveling to, picking up, transporting, completing, returning from, and/or otherwise furthering a delivery-related transaction for Defendant Uber and/or Defendant Uber Eats.

16. At all times relevant hereto, Defendant Uber and/or Defendant Uber Eats owned, operated, managed, maintained, marketed, controlled, and/or benefited from the Uber and Uber Eats platforms, through which Defendant Driver was providing delivery-related services at the time of the Crash.

17. At all times relevant hereto, Defendant Uber and/or Defendant Uber Eats authorized, permitted, enabled, monitored, regulated, controlled, and/or had the right to control

Defendant Driver's access to and use of the Uber and/or Uber Eats platforms before and at the time of the Crash.

18. The Crash was caused solely, directly, and proximately as a result of the individual, joint, and/or several negligence and carelessness of Defendants, as set forth herein.

19. As a direct and proximate result of the Crash, Plaintiff suffered serious and debilitating personal injuries.

20. Plaintiff did not cause or contribute to the Crash or her resulting injuries.

21. As a direct and proximate result of the individual, joint, and/or several negligence and carelessness of Defendants and the Crash, Plaintiff has suffered and may in the future continue to suffer bodily injuries, pain, emotional and mental distress, humiliation, embarrassment, and/or loss of pleasures and enjoyment of life, and one or more serious impairments of bodily functions.

22. As a direct and proximate result of the negligence and carelessness of Defendants, the Crash, and Plaintiff's resulting injuries, Plaintiff has undergone and may in the future undergo various reasonable and necessary medical treatments.

23. As a direct and proximate result of the negligence and carelessness of Defendants, the Crash, and Plaintiff's resulting injuries, Plaintiff has been and/or may in the future be required to spend money for medical treatment in an effort to treat and cure herself of the injuries she sustained.

24. As a direct and proximate result of the negligence and carelessness of Defendants, the Crash, and Plaintiff's resulting injuries, Plaintiff has been and may in the future be hindered and/or prevented from attending to and/or fully performing her usual and customary duties, hobbies and/or avocations.

Case ID: 260602950

25.    As a direct and proximate result of the negligence and carelessness of Defendants, the Crash, and Plaintiff's resulting injuries, Plaintiff hàs been and/or in the future may be prevented from being gainfully employed, resulting in a loss of earnings and/or an impairment of her earning capacity.

## COUNT I
## NEGLIGENCE
## AIMEE WARD v. DERRICK ROSS

26.    Plaintiff incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

27.    The negligence and carelessness of Defendant Driver includes:

a. Operating Defendant's Vehicle in such a manner as to cause the Crash, specifically by failing to slow or stop Defendant's Vehicle in pace with the speed of vehicles ahead;

b. Operating Defendant's Vehicle without due regard for the rights, safety, wellbeing and position of the Plaintiff under the aforesaid circumstances;

c. Failing to keep a proper lookout for other vehicles lawfully upon the road;

d. Operating Defendant's Vehicle too fast for road and/or traffic conditions;

e. Operating Defendant's Vehicle while distracted from roadway conditions or otherwise unable to adequately judge stopping distances;

f. Failing to take evasive action in order to avoid the Crash or warn of the approach of Defendant's Vehicle;

g. Failing to properly inspect and/or maintain Defendant's Vehicle in a manner to permit safe operation; and,

h. Operating Defendant's Vehicle in violation of 75 Pa. C.S.A. §3310(a), following too closely.

WHEREFORE, Plaintiff Aimee Ward demands judgment in her favor and against Defendants individually, jointly, and/or severally, and specifically against Defendant Derrick

Ross in an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with such further relief as this Honorable Court may deem appropriate.

## COUNT II
## NEGLIGENCE
## AIMEE WARD v. UBER TECHNOLOGIES, INC.

28.    Plaintiff incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

29.    At all times relevant hereto, Defendant Uber owed a duty to Plaintiff and other motorists upon the roadway to exercise reasonable care in authorizing, permitting, enabling, monitoring, regulating, controlling, supervising, and/or retaining drivers who used the Uber and/or Uber Eats platforms, including Defendant Driver.

30.    Defendant Uber was negligent and careless in allowing, permitting, enabling, authorizing, retaining, supervising, monitoring, and/or controlling Defendant Driver's access to and use of the Uber and/or Uber Eats platforms before and at the time of the Crash.

31.    Defendant Uber was negligent and careless in failing to take reasonable steps to prevent Defendant Driver from creating an unreasonable risk of harm to Plaintiff and other motorists while Defendant Driver was active upon, using, and/or performing services through the Uber and/or Uber Eats platforms.

32.    The negligence and carelessness of Defendant Uber was a direct and proximate cause of the Crash and Plaintiff's resulting injuries and damages.

WHEREFORE, Plaintiff Aimee Ward demands judgment in her favor and against Defendants individually, jointly, and/or severally, and specifically against Defendant Uber

Technologies, Inc. in an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with such further relief as this Honorable Court may deem appropriate.

## COUNT III
## VICARIOUS LIABILITY / AGENCY
## AIMEE WARD v. UBER TECHNOLOGIES, INC.

33.    Plaintiff incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

34.    At all times relevant hereto, Defendant Driver was acting as the agent, servant, employee, representative, ostensible agent, apparent agent, and/or authorized driver on behalf of Defendant Uber.

35.    At all times relevant hereto, Defendant Driver was acting within the course and scope of his agency, employment, authorization, business relationship, and/or platform-related services with Defendant Uber.

36.    At all times relevant hereto, Defendant Driver was acting on behalf of, for the benefit of, and/or in furtherance of the business interests of Defendant Uber.

37.    Defendant Uber is vicariously liable for the negligence and carelessness of Defendant Driver as set forth herein, including but not limited to Defendant Driver's negligent operation of Defendant's Vehicle and his failure to slow, stop, maintain a proper lookout, maintain a safe following distance, and avoid striking Plaintiff's Vehicle.

38.    The negligence and carelessness of Defendant Driver, for which Defendant Uber is vicariously liable, was a direct and proximate cause of the Crash and Plaintiff's resulting injuries and damages.

WHEREFORE, Plaintiff Aimee Ward demands judgment in her favor and against Defendants individually, jointly, and/or severally, and specifically against Defendant Uber

Technologies, Inc. in an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with such further relief as this Honorable Court may deem appropriate.

## COUNT IV
## NEGLIGENCE
## AIMEE WARD v. PORTIER, LLC,
## INDIVIDUALLY AND D/B/A UBER EATS

39.    Plaintiff incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

40.    At all times relevant hereto, Defendant Uber Eats owed a duty to Plaintiff and other motorists upon the roadway to exercise reasonable care in authorizing, permitting, enabling, monitoring, regulating, controlling, supervising, and/or retaining drivers who used the Uber and/or Uber Eats platforms, including Defendant Driver.

41.    Defendant Uber Eats was negligent and careless in allowing, permitting, enabling, authorizing, retaining, supervising, monitoring, and/or controlling Defendant Driver's access to and use of the Uber and/or Uber Eats platforms before and at the time of the Crash.

42.    Defendant Uber Eats was negligent and careless in failing to take reasonable steps to prevent Defendant Driver from creating an unreasonable risk of harm to Plaintiff and other motorists while Defendant Driver was active upon, using, and/or performing services through the Uber and/or Uber Eats platforms.

43.    The negligence and carelessness of Defendant Uber Eats was a direct and proximate cause of the Crash and Plaintiff's resulting injuries and damages.

WHEREFORE, Plaintiff Aimee Ward demands judgment in her favor and against Defendants individually, jointly, and/or severally, and specifically against Defendant Portier,

LLC, individually and d/b/a Uber Eats, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with such further relief as this Honorable Court may deem appropriate.

## COUNT V
## VICARIOUS LIABILITY / AGENCY
## AIMEE WARD v. PORTIER, LLC,
## INDIVIDUALLY AND D/B/A UBER EATS

44.     Plaintiff incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

45.     At all times relevant hereto, Defendant Driver was acting as the agent, servant, employee, representative, ostensible agent, apparent agent, and/or authorized driver on behalf of Defendant Uber Eats.

46.     At all times relevant hereto, Defendant Driver was acting within the course and scope of his agency, employment, authorization, business relationship, and/or platform-related services with Defendant Uber Eats.

47.     At all times relevant hereto, Defendant Driver was acting on behalf of, for the benefit of, and/or in furtherance of the business interests of Defendant Uber Eats.

48.     Defendant Uber Eats is vicariously liable for the negligence and carelessness of Defendant Driver as set forth herein, including but not limited to Defendant Driver's negligent operation of Defendant's Vehicle and his failure to slow, stop, maintain a proper lookout, maintain a safe following distance, and avoid striking Plaintiff's Vehicle.

49.     The negligence and carelessness of Defendant Driver, for which Defendant Uber Eats is vicariously liable, was a direct and proximate cause of the Crash and Plaintiff's resulting injuries and damages.

Case ID: 260602950

WHEREFORE, Plaintiff Aimee Ward demands judgment in her favor and against Defendants individually, jointly, and/or severally, and specifically against Defendant Portier, LLC, individually and d/b/a Uber Eats, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with such further relief as this Honorable Court may deem appropriate.

## COUNT VI
## LOSS OF CONSORTIUM
## RAY WARD v. ALL DEFENDANTS

50.     Plaintiff Spouse incorporates herein, by reference, the preceding averments, as well as all subsequent paragraphs, as though the same were fully set forth herein.

51.     Plaintiff Spouse has expended specific time, care and/or assistance for Plaintiff, his spouse, as a direct and proximate result of her injuries as set forth herein.

52.     As a direct and proximate result of Plaintiff's injuries, Plaintiff Spouse has lost the society, support, affection, financial assistance and/or companionship of Plaintiff, much to his own ongoing suffering.

WHEREFORE, Plaintiff Husband Ray Ward demands judgment in his favor and against Defendants individually, jointly, and/or severally in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with such further relief as may be appropriate.

**OSTROFF | GODSHALL - Injury and Accident Lawyers**

Date: 6/23/2026          By:    /s/ Erin Pine

Erin Pine, Esq.
*Attorney for Plaintiffs*

## Verification

The undersigned, Plaintiff in this action, verifies that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signer. Signer verifies that the within pleading, as prepared by counsel, is true and correct to the best of my knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signer has relied upon counsel in taking this verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities.

Aimee Ward

Aimee Ward
*Plaintiff*

04/10/2026

## Verification

The undersigned, Plaintiff in this action, verifies that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signer. Signer verifies that the within pleading, as prepared by counsel, is true and correct to the best of my knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signer has relied upon counsel in taking this verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities.

Ray Ward

Ray Ward
*Plaintiff Spouse*

04/09/2026